UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GARRY HARRINGTON, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                    Case No. 8:16-cv-00625-EAK-TGW

KELLERMEYER BERGENSONS
SERVICES, LLC.,

    Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION
TO DISMISS COMPLAINT AND COMPEL ARBITRATION**

This cause is before the Court on Defendant's Motion to Dismiss Complaint and Compel Arbitration or, alternatively, to Compel Arbitration and Stay Proceedings (Doc. 5), Plaintiff's Response to Defendant's Motion to Dismiss Complaint and Compel Arbitration (Doc. 8), and Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss Complaint and Compel Arbitration (Doc. 17). For the reasons set forth below, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART.**

**PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff, Gary Harrington, on behalf of himself and on behalf of others similarly situated, initially filed this action on February 22, 2016, in the Sixth Judicial Circuit in and for Pinellas County, Florida. Plaintiff's Complaint (Doc. 2) alleges two counts of Fair Credit Reporting Act violations pursuant to 15 U.S.C. 1681b(b)(2)(A). On March 16, 2016, Defendant filed a notice of Removal (Doc. 1). Defendant filed the Motion to Dismiss Complaint and Compel Arbitration

1

(Doc. 5) on March 22, 2016. Plaintiff filed the Response in Opposition (Doc. 8) on April 19, 2016. Defendant filed the reply to Plaintiff's Response in Opposition (Doc. 17) on June 3, 2016.

The Defendant provides property services which include janitorial, facility repair and maintenance, landscape management, and parking lot maintenance services to major retailers and commercial facilities (Doc. 5 at 2). Plaintiff applied for employment with Defendant at its location in Pinellas County, Florida, in August of 2014 (Doc. 2 at ¶ 28). The employment application used by the Defendant contained a disclosure that the Defendant would obtain a consumer report on Plaintiff (Doc. 2 at ¶ 29). The disclosure form used by the Defendant to obtain a consumer report also contained a release from any liability related to the background check (Doc. 2 at ¶ 30). The Defendant requested the consumer report from Welliver & Associates regarding the Plaintiff on September 8, 2014, and received and obtained the report on September 9, 2014 (Neely Supp. Dec. ¶ 3, Ex. A).

Plaintiff was employed by Defendant from September 5, 2014, until April 13, 2015 (Doc. 5 at 2). At the start of his employment, Plaintiff executed the Employment Agreement and Arbitration Agreement (Doc. 5 at 2). The Agreement signed by the Plaintiff stated "that all disputes or claims that arise out of or relate to the employment (from the date of first hired by the employer) or the existence, scope or validity of this agreement, . . . , shall be resolved exclusively through final and binding arbitration before a neutral arbitrator." (Doc. 5 at 2). The Arbitration Agreement further provides that "all arbitrations shall be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA") (Neely Dec., Exhibit 1, ¶ 4(a)).

Plaintiff contends that the claims arise out of events which occurred when Plaintiff was an applicant for employment and before Plaintiff was hired, such that he is not subject to the

Arbitration Agreement. Further Plaintiff contests the validity of the arbitration agreement, arguing that it is unconscionable and unenforceable as a matter of public policy.

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Although the FAA governs the applicability of arbitration agreements, state law governs issues "concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987). Whether the parties have a valid arbitration agreement is usually a question for the court to decide. *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). However, where the parties "clearly and unmistakably" defer decisions of validity to the arbitrator, the court shall compel arbitration without assessing the arbitration agreement's validity. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

In light of the foregoing, the Eleventh Circuit has held that an agreement to follow American Arbitration Association rules is a clear and unmistakable delegation of authority to the arbitrator to determine the validity of the arbitration agreement. *Terminix Int'l Co. v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005). Specifically, the court indicated that by incorporating the AAA rules into the arbitration agreement, the parties had contracted out of having the court assess the arbitration agreement's validity. *Id.* at 1333.

In paragraph 4(a), the Arbitration Agreement provides that "all arbitrations shall be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association." (Neely Dec., Exhibit 1, ¶ 4(a)). AAA Rule 7(a) gives the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect

to the existence, scope, or validity of the arbitration agreement." Under *Terminix*, this "clearly and unmistakably" delegates the issues of scope and validity to the arbitrator. *Terminix*, 432 F.3d at 1332. Furthermore, the Arbitration Agreement states in paragraph 4(a) that the existence, validity, or scope of the agreement is committed to arbitration. Thus, the determination of whether the Plaintiff's claims are subject to arbitration is for the arbitrator, not the Court, to decide.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Complaint and Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**. This case is **STAYED**, and the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case pending the outcome of the arbitration proceedings. Any pending motions shall be terminated, but may be renewed if later appropriate.

It is further **ORDERED** that the parties shall file a joint status report every six (6) months, and upon completion of the arbitration proceedings.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 23rd day of June 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE